08  4047

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X   Case No.

DAINNA L. MCMILLON, on behalf of herself
individually and all others similarly situated,

                              Plaintiff,

   -against-       WEINSTEIN, J.     CLASS ACTION
                                                  COMPLAINT

SUNRISE CREDIT SERVICES, INC,

                         J. ORENSTEIN, M.J.
                         Defendant.
-----------------------------------------------------------------X

       Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

## INTRODUCTION

       1.     This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

## PARTIES

       2.     Plaintiff is a natural person who resides in this District and is a consumer as defined by the FDCPA, § 1692a(3).

       3.     Upon information and belief, defendant is a debt collector, as defined pursuant to 15 U.S.C. § 1692a(6). Upon information and belief, defendant has its principal place of

business in New York.

## JURISDICTION AND VENUE

4. This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. § 1331.

## AS AND FOR A FIRST CAUSE OF ACTION

5. Plaintiff re-alleges paragraphs 1 to 4 as if fully re-stated herein.

6. That on or about October 2, 2007, defendant sent a collection letter to the plaintiff in an attempt to collect an alleged debt incurred for personal purposes. Plaintiff received said letter. On information and belief, said letter was the initial written communication to plaintiff from defendant. A copy of said letter is attached as Exhibit "1".

7. That said letter fails to contain a validation notice, as required by the FDCPA,§1692g(a). Said failure to provide the validation notice is also a violation of the FDCPA,§1692e(10).

## AS AND FOR A SECOND CAUSE OF ACTION

8. That plaintiff re-alleges paragraphs 1-7 as if fully re-stated herein.

9. That defendant's said first letter to plaintiff dated October 2, 2008 demanded the amount of $253.31. Defendant's second letter to plaintiff dated November 20, 2007 demanded the same amount of $253.31. Just 14 days later, on December 4, 2007, defendant sent a third letter to plaintiff for the same debt. A copy of this third letter is attached as Exhibit "2". In said third letter, defendant demanded the sum of $546.25. No explanation is given by defendant for making a demand for more than twice the amount demanded only such a short time before.

10. Defendant has thereby violated the FDCPA §1692e(2) by falsely representing the character, amount or legal status of the debt, or any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

11. Defendant has also thereby violated the FDCPA §1692f(1) by seeking to collect an amount which is not expressly authorized by agreement creating the debt or permitted by law.

12. Defendant has also violated the FDCPA §1692e(10).

## CLASS ALLEGATIONS

13. That plaintiff re-alleges paragraphs 1-12 as if fully re-stated herein.

14. That this action is brought on behalf of plaintiff and the members of a class.

15. That the class consists of all persons whom defendant's records reflect resided in the United States and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about October 2, 2007 or December 4, 2007; (b) the collection letter was sent to a consumer seeking payment of an alleged consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C.§§1692g, 1692e(2), 1692e(10) and 1692f(1).

16. That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

 (A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received debt collection notices from the defendant which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained experienced counsel. The plaintiff's interests are consistent with those of the members of the class.

17. That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

18. That if the facts are discovered to be appropriate, the plaintiff will seek to certify a class action pursuant to rule 23(b)(3) of the Federal Rules of Civil Procedure.

19. That communications from debt collectors, such as those sent by the defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

20. That as a result of the above violations, defendant is liable to the plaintiff and the members of the class for statutory damages in an amount to be determined at the time of trial, plus costs and attorney's fees.

21. That defendant violated the FDCPA. Defendant's violations include, but are not limited to:

    (a) failing to provide a validation notice, in violation of the FDCPA, including but not limited to §§1692g and 1692e(10); and

    (b) attempting to collect an excessive sum by falsely representing the character, amount of legal status of a debt or any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt and by seeking to collect an amount which is not expressly authorized by agreement creating the debt or permitted by law in violation of the FDCPA, including but not limited to §§1692e, 1692e(2), 1692e(10), 1692f and 1692f(1); and

WHEREFORE, plaintiff respectfully prays that judgment be entered against the defendant as follows:

(a) statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

(b) awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(c) reasonable attorney's fees, costs and disbursements pursuant to 15 U.S.C. § 1692k; and

(d) for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
September 29, 2008.

_____
NOVLETTE R. KIDD, ESQ.
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 3302
New York, New York 10123
Telephone: (212)268-2128
Fax: (212)268-2127
fnplaw@aol.com

# EXHIBIT "1"

PO Box 9100
Farmingdale, NY 11735-9100
Return Service Requested



**Sunrise Credit Services, Inc.**
260 Airport Plaza, P.O. Box 9100
Farmingdale, NY 11735-9100
1-866-257-3632

Hours: Monday through Friday 8 AM - 11 PM
Saturday 8 AM - 4 PM

3271141

Dainna L Mcmillon
125 Taylor St Apt 9F
Brooklyn NY   11211-6814

October 2, 2007

CLIENT:          Avon Products
SCS ACCT #:      N104-3271141
CLIENT ACCT #:   06740676

ACCOUNT BALANCE   :$ 253.31
OTHER CHARGES     :$   0.00
BALANCE DUE       :$ 253.31

REFERENCE: 06740676
SCS ACCT #: N104-3271141

**HAVE YOU FORGOTTEN???**

DEAR Dainna L Mcmillon:

AVON HAS REQUESTED OUR ASSISTANCE IN MAKING YOU AWARE THAT THE AMOUNT SHOWN ABOVE IS PAST DUE.

PLEASE CALL US AT 1-866-257-3632 TO MAKE YOUR PAYMENT BY PHONE.

IF YOU PREFER TO PAY VIA MAIL, DO NOT MAIL MONIES TO SUNRISE CREDIT SERVICES.  MAIL YOUR PAYMENT DIRECTLY TO:

AVON PRODUCTS
2100 OGLETOWN RD.
NEWARK, DE 19712

IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR ACCOUNT, CONTACT US AT 1-866-257-3632.

IF YOU HAVE MAILED YOUR PAYMENT, PLEASE DISREGARD THIS NOTICE.

THANK YOU FOR YOUR COOPERATION.

SUNRISE CREDIT SERVICES, INC.

New York City License # 0902582.

THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

---
Please detach and return lower portion with payment                              PAGE 1 OF 1
---

CLIENT:          Avon Products
SCS ACCT #:      N104-3271141
CLIENT ACCT #:   06740676

ACCOUNT BALANCE   :$ 253.31
OTHER CHARGES     :$   0.00
BALANCE DUE       :$ 253.31

Dainna L Mcmillon
125 Taylor St Apt 9F
Brooklyn NY   11211-6814

Avon Products
2100 Ogletown Rd.
Newark, DE 19712-0001

EXHIBIT "2"

PO Box 9100
Farmingdale, NY 11735-9100
Return Service Requested

**Sunrise Credit Services, Inc.**

260 Airport Plaza, P.O. Box 9100
Farmingdale, NY 11735-9100
1-866-257-3632

Hours: Monday through Friday 8 AM - 11 PM
Saturday 8 AM - 4 PM

3271141

Dainna L Mcmillon
125 Taylor St Apt 9F
Brooklyn NY    11211-6814

December 4, 2007

| | |
|---|---|
| CLIENT: | Avon Products |
| SCS ACCT #: | N109-3271141 |
| CLIENT ACCT #: | 06740676 |

| | | |
|---|---|---|
| ACCOUNT BALANCE | :$ | 546.25 |
| OTHER CHARGES | :$ | 0.00 |
| BALANCE DUE | :$ | 546.25 |

REFERENCE: 06740676
SCS ACCT #: N109-3271141

### IT'S A MATTER OF TRUST

DEAR Dainna L Mcmillon:

ACCORDING TO OUR RECORDS, THE BALANCE ABOVE REMAINS UNPAID!!!

IF YOU HAVE PROBLEMS WITH YOUR ACCOUNT OR YOUR ACCOUNT IS ALREADY PAID, CALL US TOLL FREE AT 1-866-257-3632 AND ADVISE US.

YOU WERE SOLD THIS MERCHANDISE/SERVICE IN GOOD FAITH. WE EXPECT THAT YOU WILL HONOR YOUR COMMITMENT TO PAY FOR IT.

IF WE DO NOT HEAR FROM YOU, WE WILL ASSUME IT IS NOT YOUR INTENTION TO PAY AND PROCEED ACCORDINGLY.

IF YOU WOULD LIKE TO PAY YOUR BALANCE BY PHONE, CALL US TOLL FREE AT 1-866-257-3632.

SI USTED DESEA HABLAR CON ALGUIEN EN ESPANOL, FAVOR DE LLAMAR AL NUMERO GRATUITO DE 1-866-257-3632.

DO NOT MAIL MONIES TO THE ABOVE ADDRESS. MAIL YOUR PAYMENT DIRECTLY TO:

AVON PRODUCTS
2100 OGLETOWN RD.
NEWARK, DE 19712

SUNRISE CREDIT SERVICES, INC.

New York City License # 0902582.

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

Please detach and return lower portion with payment                                   PAGE 1 OF 1
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| CLIENT: | Avon Products |
| SCS ACCT #: | N109-3271141 |
| CLIENT ACCT #: | 06740676 |

| | | |
|---|---|---|
| ACCOUNT BALANCE | :$ | 546.25 |
| OTHER CHARGES | :$ | 0.00 |
| BALANCE DUE | :$ | 546.25 |

Dainna L Mcmillon
125 Taylor St Apt 9F
Brooklyn NY    11211-6814

Avon Products
2100 Ogletown Rd.
Newark, DE 19712-0001